Robin P. Wynne, Justice dissenting. Because I believe that it is unnecessary to remand in order to decide the issues on appeal, I respectfully dissent. It is undisputed that no party made a motion for additional findings by the trial court pursuant to Arkansas Rule of Civil Procedure 52 (2016), a fact the majority recognizes. The majority also recites our holding in Mega Life & Health Ins. Co. v. Jacola, 330 Ark. 261, 954 S.W.2d 898 (1997), that we will not remand a certification order for findings regarding the requirements of Arkansas Rule of Civil Procedure 23 if no party made a motion for 112additional findings under Rule 52.[6] Nonetheless, the majority proceeds to eviscerate that precedent based on a misunderstanding of our role in deciding this appeal. In the order on appeal, the certified class is clearly defined. The circuit court made a finding that all of the Rule 23 requirements were satisfied. The additional findings the majority is requiring the circuit court to make do not touch on our jurisdiction to decide the case. The majority is simply incorrect in its assertion that remand is required for this court to conduct a meaningful review of the order, when the parties themselves do not consider the findings ordered on remand necessary to decide the appeal. Our review in this matter-is not de novo; instead, we are to review the order for an abuse of discretion. A recitation of the class claims, issues, or defenses in the order is not necessary for us to conduct a meaningful review of the issues on appeal because the issues on appeal have been fully briefed by the parties and we are to review the order for an abuse of discretion based on the arguments presented,[7] The majority has not identified a single issue actually raised in this appeal that cannot be decided based on the record before us. While I agree that the order ideally would have been more detailed, a break with'our longstanding precedent regarding the parties’ duty to raise hon-jurisdictional issues is simply unnecessary here. Further, such a break is unwise in that it may produce troublesome consequences in future cases. Any future litigant who fails to raise an issue with either the I atrial court or this court may now have legitimate grounds to complain if this court does not independently discover potential defects- in an order on appeal and deal -with them sua sponte, as has been done here. Under these circumstances, I would reach the merits of the appeal. For these reasons, I respectfully dissent. Wood and Womack, JJ., join. . Indeed, in every case cited by the majority in which this court remanded for additional findings, one of the parties had filed a motion with the trial court containing a request for additional findings, . Notably, the majority cites no authority for its assertion that this court has an independent duty to ensure compliance with Rule 23 regardless of the arguments raised (or not raised) either below or on appeal.